The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit Craighead County Courthouse 511 Union, Suite 342 Jonesboro, AR 72401
Dear Mr. Davis:
I am writing in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"). You state that you have had a request from a local abstracter for a complete copy of the Circuit Clerk's records "in an electronic format" and you further state:
 Craighead County, Arkansas has spent a considerable amount of time and money having all of its Circuit Clerk records transferred to an electronic format (CD's). Considerable initial expense was incurred in establishing this database. An annual maintenance contract is also required. The undertaking requested would require courthouse personnel to take time from their regular duties to copy in excess of 150 CD's. Past experience indicates this might take one to two weeks.
 The present duly elected Circuit Clerk, who was instrumental in this conversion, understandable has questions about the propriety of supplying this wealth of information to a business entity at the nominal costs contemplated by the Arkansas Freedom of Information Act. Existing business entities that have purchased this information copy by copy over extended periods of time might also question the fairness of the impact on private enterprise.
 The Circuit Clerk recognizes her obligation to make these records available, not only to abstract companies, but the public in general. To that end, several computer stations are maintained in the Circuit Clerk's office where abstracters may search the entire database, and are billed only for their reproduced copies.
Against this backdrop, you ask:
 Is the Circuit Clerk obligated pursuant to the Freedom of Information Act, to provide a complete copy of his or her courthouse records in an electronic format to requests by private citizens or business entities? If so, what would be the appropriate method of determining the charge for such a service?
RESPONSE
I assume from your statement regarding abstracters' access to the entire computerized database that there is no issue regarding any FOIA exemptions with respect to the records in question. If the records are "readily convertible" to the requested format, or "readily available" in the medium requested, it is my opinion that the answer to your first question is generally "yes," pursuant to A.C.A. 25-19-105(d)(2)(B) (Repl. 2002).[1] The fee that may be charged is governed by A.C.A.25-19-105 § (d)(3)(A)(i), which authorizes a fee based on the "actual costs of reproduction," excluding "existing agency personnel time. . . ." Based upon your statement regarding the time required to copy the compact discs in this instance, you may be justified in hiring outside workers and charging for that personnel time.
The FOIA now specifically addresses access to computerized records, following its amendment by Act 1653 of 2001, which was enacted based on a report by the Electronic Records Study Commission ("Commission"). See
Acts 1999, No. 1060 (creating the Commission to study public access to electronic information) and "Report of the Electronic Records Study Commission Recommendations for Amendments to the [FOIA]" (Dec. 15, 2000). "Public records" are now defined as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. 25-19-103 § (5)(a) (Repl. 2002) (emphasis added).
Regarding access to such "public records," the FOIA now provides:
 (d)(1) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.
 (2) (A) Upon request and payment of a fee as provided in subdivision (d)(3) of this section, the custodian shall furnish copies of public records if the custodian has the necessary duplicating equipment.
 (B) A citizen may request a copy of a public record in any medium in which the record is readily available or in any format to which it is readily convertible with the custodian's existing software.
A.C.A. 25-19-105 A.C.A. § (d) (emphasis added).
The term "medium" is defined in § 25-19-103(3) as:
 the physical form or material on which records and information may be stored or represented and may include, but is not limited to, paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes[.]
"Format" means "the organization, arrangement, and form of electronic information for use, viewing, or storage[.]" Id. at subsection (2).
With regard to the abstracter's request in this instance, it appears that there is no issue as to the availability of the records in the medium requested, i.e., compact disks (CDs). Nor does it involve converting the records to another format. Accordingly, this is not a so-called "special request" under A.C.A. § 25-19-109, which authorizes, but not require, custodians to "summarize, compile, or tailor electronic data" and provide it in a format to which it is "not readily convertible." See generally
Op. Att'y Gen. 2002-029 (regarding the fee that may be charged for special requests for electronic records under § 25-19-109). Although a records' custodian is not required to "compile information or create a record in response to a [FOIA] request," (§ 25-19-105(d)(2)(C)), there is no such compilation or new record in this case. As stated in the Commission Report, supra at 28, "downloading electronic data to a disk is not materially different from making a photocopy of paper records. Both are duplication processes."
Based upon the information you have provided, therefore, it is my opinion that the Circuit Clerk must provide the abstracter with copies of the public records on CDs. The concerns you have raised regarding the expense of creating the database and the fairness to private enterprise are simply not included as relevant factors in responding to a request such as this under the FOIA, where the public records are readily available in the medium requested.
Your concern with respect to the personnel time required to comply with the request may be addressed, however, by the fee provision (§25-19-105(d)(3)), which provides as follows:
 (3)(A)(i) Except as provided in § 25-19-109 [so-called "special requests," noted above] or by law [another specific statute], any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
 (ii) The custodian may also charge the actual costs of mailing or transmitting the record by facsimile or other electronic means.
 (iii) If the estimated fee exceeds twenty-five dollars ($25.00), the custodian may require the requester to pay that fee in advance.
 (iv) Copies may be furnished without charge or at a reduced charge if the custodian determines that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest.
 (B) The custodian shall provide an itemized breakdown of charges under subdivision (d)(3)(A) of this section.
As you can see, you may not charge for "existing agency personnel time. . . ." Id. at subsection (d)(3)(A)(i). This language was added during the legislative process in 2001, when the legislature passed Act 1653 based on the Commission report as noted above. In my opinion, the language may be interpreted to mean that personnel time associated with the task might be included in the copy fee if "existing agency personnel" are not used due to the size of the copying request. Whether the use of outside personnel is authorized will, of course, ultimately depend upon the particular facts at hand. The custodian is required to itemize the charges (subsection (d)(3)(B), supra) and should be prepared to justify them.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although you have not suggested that this involves any request for software, it should perhaps be noted that the FOIA's definition of "public records" (discussed infra) specifically excludes "software acquired by purchase, lease, or license." A.C.A. 25-19-105 § (b).